# Richmond.

## WESTERN STATE HOSPITAL v. COINER'S ADMINISTRATOR.

Absent, Harrison, J.

NOVEMBER 21, 1901.

·1. CHANCERY PRACTICE—*Case in Judgment—Acquiescence.*—In this case a fund of $6,000 was set apart in a suit, in 1868, the annual interest on which was to be applied to the support of a lunatic in the insane hospital. The lunatic died in 1900. Various payments were made to appellant for the support of the lunatic, and in 1882 it became a party to the suit in which the fund was set apart, and filed its petition, reciting all former proceedings in the suit, and claiming an account for a large sum which it asked to have paid out of the accumulations of interest which were, or should be, then in hand. The accounts of the receiver were fully and finally settled and confirmed in the cause to which appellant filed no exception, and at no time did it object to the arrangement by which the interest on the $6,000 was set apart as the sole fund for the support of the lunatic, or to the decree made in 1882, declaring that in no event should the principal sum be diminished. All of the annually accruing interest was paid to appellant. After the death of the lunatic, the appellant preferred an account for a large balance which it asked to have paid out of the principal sum invested.

*Held:* The estate of the lunatic consisted of the annually accruing interest on the sum set apart for his maintenance, which has been fully so applied, and, under the facts of this case, the principal sum cannot be applied to that purpose.

Appeal from a decree of the Circuit Court of Augusta county, pronounced June 6, 1901, in the suit of Coiner's Executors v. Coiner & others, in which the appellant filed its petition.

The opinion states the case.

*Affirmed.*

*J. N. Opie*, for the appellant.

*Patrick & Gordon* and *W. H. Landes*, for the appellee.

KEITH, P., delivered the opinion of the court.

The bill in this case asks the Circuit Court of Augusta county to construe the will of Michael Coiner, who died, leaving a widow and several children, and a will by which he disposed of a considerable estate. His son, Samuel L. Coiner, was a lunatic, and in the codicil to the will occurs this language: "Don't let Samuel L. Coiner suffer." The court by its decree decided "that Samuel L. Coiner is entitled under the codicil to a support and maintenance out of the estate of the testator," and by a subsequent decree, dated June 29, 1868, the sum of $6,000 was set apart "to be applied to the support of Samuel L. Coiner, the insane son of M. Coiner, deceased, so long as he may live, and at his death the principal to be distributed as part of the residuum of the estate among the residuary legatees, or those claiming under them."

Samuel L. Coiner was an inmate at this time of the Western State Hospital, and the interest upon the sum thus set apart was from time to time paid over by the receiver of the court to that institution. The principal sum of $6,000 was divided into seven parts of $857.14-27 each, which were loaned in part to those who, at the death of Samuel L. Coiner, would be entitled to a distributive share of the principal sum, and the residue to other borrowers, all of whom executed their bond with satisfactory sureties for the several amounts received by them.

On the 30th of September, 1871, the asylum presented a claim for the sum of $1,425.66, and the court, by decree of November 24th, directed the receiver to pay to the treasurer of the asylum the interest on hand accumulated upon the principal sum of $6,000, and annually thereafter on the 30th day of September in each year, out of the interest to pay to the said treasurer

the sum of $300, being the amount required by the law of the asylum for the annual support and maintenance of Samuel L. Coiner so long as he remains a patient therein.

The Western Lunatic Asylum, now known as the Western State Hospital, never became a party to the chancery cause in which these proceedings were had until March 26, 1882, when it filed a petition in which it recites the proceedings theretofore had and states that Coiner was still a patient in the asylum; that the cost of supporting patients under the action of its board of directors varied from $25.00 per month to $15.00 and $22.50, at which sum it had been fixed at the time the petition was filed, and has, we believe, so remained. The petition states that although the court ordered $300 to be paid annually for Samuel Coiner's support, that not more was charged for him than for other patients; that large payments were made by the general receiver at irregular intervals to September 30, 1881, the close of the fiscal year of the asylum, amounting in the aggregate to $4,-994.36, leaving a surplus of accumulated interest on the $6,000 fund as of the last named date, of $1,191.36, counting from date of probate of the will aforesaid, in the hands of the receiver; that on September 30, 1881, there was a balance due to the asylum of $1,107.63, for board, clothing, etc., an account of which was duly rendered to the receiver, who shortly thereafter made a payment of $264.17, declining to pay the residue of $843.46, upon the ground that under the decrees of the court theretofore rendered he had no power so to do.

The petition states that the asylum only expects that the precedent established by the decree of November, 1871, be followed by the court in appropriating the interest in hand to the extinguishment of the claim of $843.46.

On the 25th of March, 1882, the court entered the following decree: "It appearing that a balance of $843.46 is due to the Western Lunatic Asylum, as of September 30, 1881, reduced to that amount by payment of $264.17 on or about 10th Janu-

ary, 1882, for the support, &c., of Samuel Coiner, a person of unsound mind and patient in said asylum, and that there is an accumulation of interest on the six thousand dollars set apart and recognized by former decrees in this cause, for the maintenance of the said Samuel L. during his life, and at his death to be forthcoming for distribution, as the court may decree, it is adjudged, ordered, and decreed that J. Fred. Effinger, general receiver of this court, do, out of the accumulated interest on the said six thousand dollars, now in or hereafter to come into his hands, pay to the Western Lunatic Asylum, or its attorney, the said sum of $843.46, thus extinguishing the entire balance due on said indebtedness, as of the 30th of September, 1881, as aforesaid, that being the close of the fiscal year last above named, at the same time appropriating all further increase of the said $6,000 to the support and maintenance of Samuel L. Coiner until his death, bearing in mind that in no event shall the principal sum be diminished, it to remain intact and such possible accumulations of interest as may hereafter accrue over and above the support of said Samuel as aforesaid."

At a subsequent day the receiver laid his vouchers before Commissioner George M. Harrison for a settlement of his account as general receiver in this cause, and at the May term of 1886 the commissioner filed his report, which brings the account down to January, 1886, and the commissioner finds that the interest on the entire fund has been collected up to January 1, 1886, and has been properly disbursed by the receiver who holds vouchers for each disbursement. The said statement covers the receiver's entire transactions with reference to the fund up to January 1, 1886.

The Western Lunatic Asylum, as it was then called, was at that time a party to the suit; no exceptions were filed to the report and it was confirmed by decree of May 29, 1886, in which the court says: "It appearing from said second report, which is a statement and settlement of the whole account of said receiver

with the Samuel Coiner fund from the time of his first connection with it until now, that the principal of the fund, which amounts to $6,000, stands invested in good and solvent securities, and that the receiver has collected and properly disbursed the interest on the entire fund up to January 1, 1886.

"And it appearing from the third report that the receiver has collected the entire Margaret Seig fund, and that he has properly disbursed the same in pursuance of and in accordance with decrees in this cause;

"And the court approving said reports, and the acts and doings of the receiver as therein set forth, doth ratify and confirm the same."

On December 29, 1891, William H. Landes, who in the meantime had been appointed general receiver of the Circuit Court of Augusta county, filed his petition, from which it appears that Samuel Coiner departed this life on the — day of July, 1900; and the petitioner asks that the cause which had been theretofore dropped from the docket should be reinstated and referred to a commissioner, who should state an account of the fund of $6,000, interest on which had been set apart for the support and maintenance of Samuel L. Coiner, and ascertain the parties among whom it should be distributed, which was accordingly done.

At a subsequent day a report was filed containing the desired information, and thereupon the Western State Hospital filed its exceptions to the report. Along with these exceptions is exhibited a statement of the account between Samuel Coiner's committee and the Western State Hospital, in which a large balance is claimed to be due from the committee to the exceptant, and a counter statement is put in by counsel for the distributees and claimants of the principal fund of $6,000, showing that the balance of account demanded by the hospital consists of interest upon balances which had not been promptly paid when due, and it is insisted upon the part of the distributees that

the whole of the annual charge for the support of the lunatic having been paid, and all of the interest upon the fund set apart for his maintenance having been appropriated and exhausted, even though it were conceded that the balance of accounts stated upon the principle of debtor and creditor would be as claimed by the asylum, there is no fund in existence out of which it can be paid, and this contention, in our judgment, is well founded.

The first decree of the court fixes the sum which should constitute the estate of the lunatic and be appropriated to his support and maintenance. "To the executors of M. Coiner in money or in suitable and satisfactory investments thereof, $6,000, with interest from July 1, 1868, the interest to be applied annually to the support of Samuel L. Coiner, the insane son of the testator, M. Coiner, deceased, so long as he may live, and at his death the principal to be distributed as part of the residuum of the estate among the residuary legatees, or those claiming under them."

Under that provision all the parties in interest have acted. The Western State Hospital became a party by its petition as early as March 26, 1882. All of those proceedings were recited; no objection was indicated to the arrangement, and by the decree of March 25, 1882, the court reaffirms all that it had theretofore done, and in its decree uses the following language: "In no event shall the principal sum be diminished, it to remain intact and such possible accumulations of interest as may accrue over and above the support of the said Samuel as aforesaid."

An account of all the transactions of the receiver down to January 1, 1886, was stated, and no exception having been taken thereto, it was confirmed by the court. If the arrangement was not satisfactory, or if the payments were not promptly made, or if for any cause it could have been made to appear expedient that the principal sum should be trenched upon for the support and maintenance of the lunatic, it should have been brought to

the attention of the court, which would doubtless have rendered justice to all concerned, but as the case stands, the estate of the lunatic was the annually accruing interest upon the sum set apart for his maintenance, and that estate has been fully applied to the support and maintenance of Samuel L. Coiner, to which purpose it was devoted, and as fully appears from the accounts stated, has been wholly exhausted.

We are of opinion that there is no error in the decree complained of, and it is affirmed.

*Affirmed.*